**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-02187-TPO

ACACIA LYN-DARR,

Plaintiff,

v.

JOHN PANNUNZIO,
DON LEACH,
JEREMY BACOR,
BYRON FRANKLIN,
TROY KOCHEVAR,
GREG PURKETT,
RONALD THURSTON,
LEROY MORA,
JC WILLIAMS,
PUEBLO COUNTY BOARD OF COMMISSIONERS,
PUEBLO COUNTY,
PUEBLO COUNTY SHERIFF'S OFFICE,
BRADLEY PRATT, and
CITY OF COLORADO SPRINGS,

Defendants.

---

**MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) and 12(b)(5)**

---

Defendants, City of Colorado Springs ("City") and Bradley Pratt (collectively "Colorado Springs Defendants" or "Springs Defendants"), by and through the Office of the City Attorney of Colorado Springs, respectfully move this Court to dismiss them from this case for the reasons stated herein.

**D.C.COLO.LCivR 7.1 Certification**

Undersigned counsel conferred with Plaintiff's counsel with respect to this motion via email on September 25, 2026. Plaintiff opposes the relief requested in this motion.

**Introduction**

This case concerns a December 9, 2009, robbery that ended with Robert Piserchio being murdered and set on fire in his own home. ECF 1 ¶¶ 28, 31, 32. Mr. Piserchio lived in Pueblo Colorado. *Id*. ¶ 1. In the course of the robbery, the thief, Aaron Wilkerson, stole some checks belonging to Mr. Piserchio. *Id*. ¶ 38. After the robbery, Wilkerson gave some of these checks to Plaintiff. *Id*. Five days after Mr. Piserchio was murdered, Plaintiff attempted to cash one of his checks at a Wells Fargo in Colorado Springs. *Id*. ¶ 40. However, Plaintiff fled the bank before the transaction was complete, leaving her identification behind. *Id*. The next day, December 15, 2009, Plaintiff was arrested on an outstanding warrant. *Id*. On that same day, and after Plaintiff was arrested, members of the Pueblo County Sherriff's Office ("PCSO") questioned her about Mr. Piserchio's murder. *Id*. ¶ 41. On December 18, 2009, the PCSO Defendants questioned Plaintiff again. *Id*. Combined, the two interviews lasted about seven hours. *Id*. At some unidentified point during these two interrogations, two PCSO Defendants allegedly threatened to strip Plaintiff naked and photograph her. *Id*. ¶ 42. Despite the threat, Plaintiff maintained her innocence and told the deputies the facts she knew. *Id*. ¶ 44.

"Colorado Springs Police Officer Defendant Bradley Pratt also participated in the December 15 interrogation." ECF 1 ¶ 41. That single sentence contains the only factual allegation that Plaintiff's 48-page Complaint makes against Defendant Pratt. Plaintiff does not make any factual allegations against the City. Though Plaintiff has leveled eleven claims against Defendant Pratt, her single factual allegation does not plausibly demonstrate his participation in any of them. Put another way, there are no facts alleged in the Complaint that suggest Defendant Pratt threatened Plaintiff, that he coerced other witnesses to testify against Plaintiff, that he conspired with other defendants to deprive Plaintiff of her rights, that he arrested her without probable cause, that he maliciously prosecuted her, or that he knew these alleged violations were occurring and with that

knowledge he failed to intervene or attempt to prevent them. Because the facts alleged do not plausibly show that Defendant Pratt committed or participated in any of the alleged violations, he should be dismissed from this case.

Plaintiff's claims against the City are just as conclusory. Though she alleges a widespread custom of overlooking constitutional violations, she fails to point to any similar examples of any CSPD officers engaging in any questionable conduct. Though she claims that the City has failed to train its officers, she fails to point to any defect in CSPD's training program. Because Plaintiff's claims against Colorado Springs Defendants are supported by conclusory allegations and not factual ones, both defendants should be dismissed from this case.

**Argument**

**1. Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, Plaintiff must allege enough facts to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard applies to claims based in both state and federal law. *See Warne v. Hall*, 373 P.3d 588, 595 (Colo. 2016) (adopting the *Iqbal/Twombly* plausibility standard to state law claims). If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting in part Fed. R. Civ. P. 8(a)(2)).

**2. Defendant Pratt is Entitled to Qualified Immunity on Plaintiff's First Five Claims**

When a § 1983 defendant asserts qualified immunity, this affirmative defense "creates a presumption that [the defendant is] immune from suit." *Perea v. Baca*, 817 F.3d 1198, 1202 (10th

Cir. 2016). "To overcome this presumption, [the plaintiff] must show that (1) the officers" alleged conduct violated a constitutional right, and (2) it was clearly established at the time of the violation, such that 'every reasonable official would have understood,' that such conduct constituted a violation of that right." *Id.* (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)). "If the plaintiff fails to satisfy either part of the inquiry, the court must grant qualified immunity." *Carabajal v. City of Cheyenne, Wyoming*, 847 F.3d 1203, 1209 (10th Cir. 2017). Here, Defendant Pratt is entitled to qualified immunity because Plaintiff's single factual allegation concerning him fails to satisfy either prong.

**3. The Complaint Fails to Plausibly Show Defendant Pratt Participated in Any Alleged Wrongdoing**

When a plaintiff asserts multiple claims against multiple individual and entity defendants, it is important to "make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins,* 519 F.3d 1250. Here, none of Plaintiff's alleged facts plausibly show Defendant Pratt violated any state or federal law. For this reason alone, he should be dismissed from this case. "Individual liability under § 1983 must be based on [the defendant's] personal involvement in the alleged constitutional violation." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 768 (10th Cir. 2013) (internal quotations omitted); *see also Shash v. City of Pueblo*, 770 F. Supp. 3d 1279, 1307 (D. Colo. 2025) (finding in part "that § 1983's personal participation requirement applies to § 13-21-131.").

**3.1. Plaintiff has not shown how Defendant Pratt participated in claims 1, 5, and 11**

In her first and eleventh claims, Plaintiff accuses all individually named defendants of "unlawfully fabricating evidence" and of coercing a witness to implicate Plaintiff in Mr. Piserchio's murder. ECF 1 ¶¶ 154, 155, 225, 226. Similarly, in her fifth claim, Plaintiff's

conclusory allegations claim that the officer defendants acted in concert with a preconceived conspiracy by pressuring other individuals to implicate her and by failing to report her innocence to other authorities. *Id*. ¶¶ 185-191. However, according to the Complaint, Defendant Pratt only participated in the first interrogation associated with this case. ECF 1 ¶ 41. This interrogation only involved Plaintiff, not other witnesses. Furthermore, the Complaint is silent on how Defendant Pratt participated. *Id*. It alleges no facts that plausibly show he fabricated any evidence, coerced any witnesses, or conspired with any person to deprive Plaintiff of any right. As such, Plaintiff has not plausibly shown what Defendant Pratt did that violated the Fourth, Sixth, or Fourteenth Amendments or Colorado's Constitution.

**3.2. Because Plaintiff was arrested on a viable warrant and because there was also sufficient probable cause to arrest her without a warrant, Defendant Pratt should be dismissed from claims 2, 8, and 12**

In her second, eighth, and twelfth claims, made again against all individual defendants, Plaintiff alleges that the officers lacked probable cause to detain and prosecute her. *Id*. ¶¶ 162, 209, 231. Again, she does not include any facts that show that Defendant Pratt caused her detention or that he participated in her prosecution. *Id*. ¶ 41. Furthermore, her Complaint provides ample justification for her arrest and questioning. According to the Complaint, Plaintiff was arrested on an outstanding warrant.[1] *Id*. ¶ 40. "A neutral magistrate judge's issuance of a warrant is the clearest indication that the officers acted in an objectively reasonable manner or . . . in objective good faith." *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014) (internal citations omitted). The Complaint also states that five days after Mr. Piserchio was murdered, Plaintiff tried to cash a stolen check tied to his business. ECF 1 ¶¶ 38, 40. This fact alone would have given officers probable cause to suspect Plaintiff of fraud and of being involved in Mr. Piserchio's murder. *D.C.*

---

[1] Plaintiff offers no facts concerning the arrest warrant, neither does she claim that it was invalid for any reason.

*v. Wesby*, 583 U.S. 48, 57 (2018) (Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity."). Because Plaintiff's own allegations demonstrate that her arrest was valid, and because she has not alleged facts that show Defendant Pratt participated in her arrest, her second, eighth, and twelve claims against him are conclusory.

### 3.3. The factual allegations cannot support a malicious prosecution claim against Defendant Pratt under state or federal law

Defendant Pratt should be dismissed from Plaintiff's third and seventh claims because a single sentence vaguely claiming that he participated in a single interrogation does not plausibly state a malicious prosecution claim against him.

There are five elements to a § 1983 malicious prosecution claim: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the arrest, confinement, or prosecution; (4) the defendant acted maliciously; and (5) the plaintiff sustained damages." *Shrum v. Cooke*, 60 F.4th 1304, 1310 (10th Cir. 2023) (emphasis removed). Under Colorado law, a malicious prosecution claim must show: '(1) the defendant contributed to bringing a civil or criminal proceeding against the plaintiff; (2) the proceeding was resolved in favor of the plaintiff; (3) there was *no probable cause for the proceeding*; (4) the defendant acted with malice; and (5) the plaintiff incurred damages." *Smith v. Idaho Springs Police Dep't*, No. 22CA1190, 2023 Colo. App. LEXIS 2408, at *28 (App. June 29, 2023) (internal quotations omitted) (emphasis in original) (dismissal of a plaintiff's malicious prosecution claim was proper because there was probable cause for his arrest).

Here, Plaintiff's Complaint has not alleged facts against Defendant Pratt that support either her state or federal malicious prosecution claims. This is because the alleged facts do not plausibly show Defendant Pratt caused Plaintiff's continued confinement or prosecution. Neither do they show that Plaintiff's arrest lacked probable cause. Quite the opposite, her Complaint admits she

was arrested on an outstanding warrant and after she attempted to cash a stolen check from a recently murdered man's business. ECF 1 ¶¶ 38-40. Furthermore, because she only alleges that Defendant Pratt participated in her first interrogation, without alleging what he actually did, said, or observed, and because she does not attribute any other involvement in this case to him, she has not plausibly shown that he acted with any malice.

### 3.4. Plaintiff has not stated a plausible failure to intervene claim against Defendant Pratt

"In order to be liable for failure to intervene, the officers must have observe[d] or ha[d] reason to know of a constitutional violation and have had a realistic opportunity to intervene." *Jones v. Norton*, 809 F.3d 564, 576 (10th Cir. 2015) (internal quotations omitted). Here, Plaintiff's single alleged fact concerning Defendant Pratt is insufficient to plausibly show that he observed a constitutional violation and that he had the opportunity to intervene. Plaintiff alleges that she was interrogated for a total of seven hours over the course of two nonconsecutive days. ECF No. 1 ¶ 41. At some unknown point during that period, other officers allegedly threatened to take nude photographs of her. *Id*. However, the Complaint does not allege that this threat was made in Defendant Pratt's presence. Neither does the Complaint allege facts that plausibly show Defendant Pratt had the opportunity to prevent the alleged threat from being made.[2]

---

[2] It is unlikely the alleged ineffective threat violated Plaintiff's constitutional rights. *See Battle v. Whetsel*, No. CIV-05-19-HE, 2006 U.S. Dist. LEXIS 95674, at *12 (W.D. Okla. June 8, 2006) (police officer's ineffective threats attempting to persuade the plaintiff to implicate her boyfriend in a crime did not violate the Fourteenth Amendment); *Abeyta by & Through Martinez v. Chama Valley Indep. Sch. Dist. No. 19*, 77 F.3d 1253 (10th Cir. 1996) (teacher who repeatedly called 12-year-old student a prostitute and who allowed other students to make similar taunts did not violate the Fourteenth Amendment). Because "[a] claim for failure to intervene depends on a predicate constitutional violation[,]" and because the Complaint does not allege facts that show such a violation occurred in Defendant Pratt's presence, he should be dismissed from this case. *Morphew v. Chaffee Cty*., 172 F.4th 802, 817 (10th Cir. 2026).

**4. Plaintiff Has Not Stated a Plausible Claim Against the City of Colorado Springs**

"[U]nder § 1983, local governments are responsible only for "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in opinion). "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1284 (10th Cir. 2019). Therefore, to state a plausible claim against the City, Plaintiff must show that the execution of an illegal City policy inflicted her injury. *Id.* After establishing the municipal policy, "a plaintiff must demonstrate a direct causal link between the policy or custom and the injury alleged." *Id.* at 1284. Here, Plaintiff's conclusory allegations do not plausibly show a City custom or policy that condones a violation of any person's constitutional rights. ECF 1 ¶¶ 192-201. Neither do they show a "direct causal link" between Plaintiff's injury and any City policy.

As discussed above, Plaintiff's lengthy Complaint fails to plausibly show that Defendant Pratt, the only City employee named in this case, violated any constitutional right on December 15, 2009. Because the alleged facts do not show a plausible claim against a City employee, they cannot show a plausible claim against the City. *Crowson v. Wash. Cty. State of Utah*, 983 F.3d 1166, 1191 (10th Cir. 2020) ("Because municipalities act through officers, ordinarily there will be a municipal violation only where an individual officer commits a constitutional violation.").

**4.1. The Complaint does not establish a plausible failure to train claim**

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick,* 563 U.S. at 61. "[T]he City cannot be held liable for its failure to train or supervise its [police officers] unless the City's policymakers can reasonably be said to have been deliberately indifferent to the need for further training or supervision." *Bryson v. City*

*of Oklahoma City*, 627 F.3d 784, 789 (10th Cir. 2010) (internal quotations omitted). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action[.]" *Waller,* 932 F.3d at 1284 (quoting *Connick,* 563 U.S. at 61). "[A] pattern of similar constitutional violations by untrained employees is ordinarily necessary: Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Waller*, 932 F.3d at 1285 (internal quotations omitted). Further, the alleged lack of training must "bear a very close causal connection to the violation of constitutional rights[.]" *City of Canton, Ohio v. Harris*, 489 U.S. 378, 395 (1989) (O'Connor, J., concurring in part).

Here, Plaintiff's lengthy Complaint offers no examples of any CSPD officer allegedly violating a suspect's constitutional rights during an interrogation. Indeed, Plaintiff does not offer any example accusing any CSPD officer of any wrongdoing in any setting. As such, Plaintiff has not plausibly shown the City's training program to be deficient in anyway. Neither has she plausibly shown that the City's training program caused her specific injury or that prior to December 15, 2009, the City was aware of, and deliberately indifferent to, the need for more training. *Id*.

**4.2. Plaintiff does not allege a patently obvious defect in the City's training program**

"Evidence of a pre-existing pattern of violations is only unnecessary in a narrow range of circumstances, however rare, in which the unconstitutional consequences of a failure to train are highly predictable and patently obvious." *Waller,* 932 F.3d at 1285 (internal quotations omitted). Here, Plaintiff does not identify any deficiency in, or even discuss any portion of, Defendant Pratt's training. Without discussing the training the City provided, Plaintiff cannot plausibly show that it was deliberately indifferent to a patently obvious defect in its interrogation training program.

*Irizarry v. City & Cty. of Denver*, 661 F. Supp. 3d 1073, 1095 (D. Colo. 2023) (allegations which do not show how a police officer was trained, who trained him, or how his training is deficient, do not state a plausible claim for relief).

**4.3. Plaintiff has not shown the existence of a widespread custom**

For the same reasons as stated above, Plaintiff's conclusory allegation that an unofficial widespread custom or practice caused her injuries is without merit. ECF 1 ¶¶ 195, 198. Indeed, her inability to point to any examples of similar conduct "seriously undermines [her] claim." *Carney v. City & Cnty. of Denver*, 534 F.3d 1269, 1274 (10th Cir. 2008) (Noting that when "attempting to prove the existence of such a 'continuing, persistent and widespread' custom, plaintiffs most commonly offer evidence suggesting that similarly situated individuals were mistreated by the municipality in a similar way."). The City should be dismissed from this case.

**5. Plaintiff's Seventh, Eighth, Ninth, Tenth, and Thirteenth Claims are Barred by the Colorado Governmental Immunity Act ("CGIA")**

With limited exceptions, the Governmental Immunity Act. . .bars any action against a public entity for injury that lies in tort or could lie in tort[.]"*City & Cnty. of Denver v. Desert Truck Sales*, Inc., 837 P.2d 759, 762-63 (Colo. 1992); C.R.S. § 24-10-106(1) ("A public entity is immune from liability in all claims for injury that lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant except as provided otherwise in this section."). Whether a public entity's immunity is waived under the CGIA involves an issue of subject-matter jurisdiction which should be resolved by the trial court pursuant to a motion to dismiss under Rule 12(b)(1). *Tidwell v. City and County of Denver*, 83 P.3d 75, 85 (Colo. 2003); *see also Trinity Broadcasting of Denver, Inc. v. City of Westminste*r, 848 P.2d 916, 924 (Colo. 1993). The burden is on the Plaintiff to establish jurisdiction by showing that governmental immunity has been waived. *Tidwell*, 83 P.3d at 85-86. Unlike a motion under Rule 12(b)(6), the court need not

treat all facts alleged by the non-moving party as true. Rather, if there is a factual dispute pertaining to jurisdiction, it is up to the court and not the jury to determine. *Trinity*, 848 P.2d at 924-25.

**5.1. Plaintiff has not filed a necessary notice of claim with the City**

"Any person claiming to have suffered an injury by a public entity… shall file a written notice as provided in this section within one hundred eighty-two days after the date of the discovery of the injury…" C.R.S.§ 24-10-109(1). The filing of the notice of a claim is a jurisdictional prerequisite to a suit alleging tortious conduct by a governmental entity and or its employees. *Id*. A plaintiff's failure to file a timely notice of claim "forever bars" the action." *Id*. Here, Plaintiff should have discovered her injury on or before May 20, 2025, the day her criminal case was dismissed. ECF 1 ¶ 136. Pursuant to the CGIA, she should have filed her notice of claim with the City on or before November 18, 2025. Though Plaintiff has alleged compliance with the CGIA's notice requirement, [ECF ¶ 151] the City does not have any record of having received a notice of claim from her. **Exhibit A** ("Affidavit of Elizabeth Meyer") ¶ 2. Because claims seven, eight, nine, ten, and thirteen are tortious in nature, notice is required. C.R.S. §§ 24-10-109(1); 24-10-118(1)(a) (compliance with section 24-10-109 is "a jurisdictional prerequisite to any such action against a public employee" even if the allegations allege willful and wanton conduct). Because the burden is on Plaintiff to demonstrate CGIA compliance and because the evidence shows that she did not file a notice of claim with the City, her seventh, eighth, ninth, tenth, and thirteenth claims against Colorado Springs Defendants are barred. *Tidwell*, 83 P.3d at 85-86.

**5.2. Defendant Pratt's vague level of participation in a single interrogation does not show willful and wanton conduct**

Plaintiff's claims are also barred because there is no provision of the CGIA that waives immunity for her state tort claims and because Defendant Pratt did not act with a willful and wanton disregard for Plaintiff's safety. C.R.S. §§ 24-10-106(1) (listing the CGIA exceptions, none

of which apply here, to sovereign immunity; 24-10-118(1) (stating that the protections and waivers afforded to public entities in section 24-10-106 are also provided to public employees "unless the act or omission causing such injury was willful and wanton[.]) *See also Smith v. City of Denver*, Civil Action No. 23-cv-03414-GPG-NRN, 2024 U.S. Dist. LEXIS 255063, at *9 (D. Colo. Dec. 20, 2024) (noting that absent a showing of willful and wanton conduct, the CGIA barred the plaintiff's common law malicious prosecution claim); *Hanson v. Larimer Cty. Bd. of Cty. Comm'rs*, Civil Action No. 1:20-cv-00317-RBJ, 2021 U.S. Dist. LEXIS 115888, at *25 (D. Colo. June 22, 2021) (section 24-10-106 does not waive immunity for false arrest claims); *Falcon Broadband, Inc. v. Banning Lewis Ranch Metro. Dist. No. 1*, 474 P.3d 1231, 1237 (Colo. App. 2018) (Holding in part that the lower court correctly dismissed the plaintiff's civil conspiracy claims pursuant to the CGIA "because that claim is undeniably a tort claim."); *Weise v. Springs*, Civil Action No. 17-cv-02696-PAB-NYW, 2020 U.S. Dist. LEXIS 269762, at *14-15 (D. Colo. Nov. 30, 2020) (intentional infliction of emotional distress claim barred by CGIA absent a showing of willful and wanton conduct).[3]

Though not defined by the CGIA, Colorado courts have viewed willful and wanton conduct as "conduct purposefully committed which the actor must have realized as dangerous, done needlessly and recklessly, without regard to consequences, or of the rights and safety of others." *Weise*, 2020 U.S. Dist. LEXIS 269762, at *14-15 (internal citations and quotations omitted). "To meet her burden "under the CGIA, a plaintiff must plead specific facts to show or raise an inference that the defendant's conduct was specifically calculated to cause the alleged harm or that [the]

[3] Plaintiff's single allegation against Defendant Pratt is also insufficient to plausibly assert an intentional infliction of emotional distress claim which requires a showing that "(1) the defendant engaged in extreme and outrageous conduct; (2) recklessly or with the intent of causing the plaintiff severe emotional distress; (3) causing the plaintiff to suffer severe emotional distress." *Han Ye Lee v. Colo. Times, Inc.*, 222 P.3d 957, 966-67 (Colo. App. 2009) (Dailey, J. dissenting).

defendant was aware her conduct would cause the alleged harm." *Id*. Here, the only fact that Plaintiff alleges concerning Defendant Pratt is that he participated in her first interrogation. ECF 1 ¶ 41. This single allegation does not show that Defendant Pratt did anything that was calculated to intentionally harm her, conspire against her, maliciously prosecute her, or falsely imprison her. As such, she cannot show that he acted with willful and wanton conduct.

**5.3. Plaintiff cannot plausibly prove her respondeat superior claim, which is also barred by the CGIA**

"Under the doctrine of respondeat superior a master is liable for the unauthorized torts of his servant if committed while the servant is acting within the scope of his employment." *Monkey Int'l v. Montoya*, 904 P.2d 468, 473 (Colo. 1995) (internal quotations omitted). Because the Complaint does not plausibly show that Defendant Pratt committed any tort, Plaintiff's respondeat superior claim against the City must fail. Even if Plaintiff had alleged sufficient facts against Defendant Pratt to survive a Rule 12(b)(6) motion to dismiss, she is still prohibited from asserting a respondeat superior claim for any alleged constitutional violations under state or federal law. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 660 (1978) ("[A] local government cannot be held liable under § 1983 on a *respondeat superior* theory. (emphasis in original)); *Ditirro v. Sando*, 520 P.3d 1203, 1209 (Colo. App. 2022) (civil rights claims alleging violations of Colorado's constitution may be asserted against the individual officers and not that officer's employer). Finally, because Plaintiff did not file a timely notice of claim and because there is no exception which waives the City's immunity, her respondeat superior claim is barred by the CGIA. C.R.S. §§ 24-10-106(1); 24-10-109(1).

## Conclusion

For the reasons above, Colorado Springs Defendants respectfully move this Honorable Court to dismiss all claims against them with prejudice and for any other relief the Court deems appropriate.

Respectfully submitted this 28th day of September, 2026.

OFFICE OF THE CITY ATTORNEY FOR
THE CITY OF COLORADO SPRINGS
Stefanie Boster, City Attorney

*/s/ Brian Stewart*
Brian Stewart, Senior Attorney
30 S. Nevada Ave., Suite 501
Colorado Springs, Colorado 80903
Phone: (719) 385-5909
Fax: (719) 385-5535
Email: brian.stewart@coloradosprings.gov
*Attorneys for Defendants City of Colorado Springs and Bradley Pratt*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 28th day of September, 2026, I electronically filed and served the foregoing **MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) and 12(b)(5)** using the CM/ECF system, which will send notification of this filing to the following:

Sarah Grady (sarah@kaplangrady.com)
David Schmutzer (david@kaplangrady.com)
Anne Prossnitz (prossnitz@kaplangrady.com)
Vanessa del Valle (vanessa@kaplangrady.com)
Gail K. Johnson (gjohnson@johnsonklein.com)
Eric Kirsch Klein (eklein@johnsonklein.com)
*Attorneys for Plaintiff*

Jonathan N. Eddy (jeddy@sgrllc.com)
Eric M. Ziporin (eziporin@sgrllc.com)
*Attorneys for Pueblo County Defendants*

*/s/ Eri Howard*
Eri Howard, Legal Secretary