**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-02187-GPG-TPO

ACACIA LYN-DARR,

Plaintiff,

v.

JOHN PANNUNZIO,
DON LEACH,
JEREMY BACOR,
BYRON FRANKLIN,
TROY KOCHEVAR,
GREG PURKETT,
RONALD THURSTON,
LEROY MORA,
JC WILLIAMS,
PUEBLO COUNTY BOARD OF COMMISSIONERS,
PUEBLO COUNTY,
PUEBLO COUNTY SHERIFF'S OFFICE,
BRADLEY PRATT, and
CITY OF COLORADO SPRINGS,

Defendants.

---

**DEFENDANTS' JOINT MOTION TO STAY DISCOVERY AND CASE PROCEEDINGS**

---

All Defendants, through their respective undersigned counsel, and pursuant to Fed.R.Civ.P. 26(c), hereby move for an Order staying discovery and further case proceedings, including the upcoming Scheduling Conference set for November 3, 2026, until their pending and forthcoming Motions to Dismiss (*see, e.g.*, ECF No. 49) have been resolved. In support thereof, Defendants state as follows:

## STATEMENT OF CONFERRAL

The parties have conferred via telephone pursuant to D.C.COLO.LCivR 7.1(a) and the Court's civil practice standards. Plaintiff opposes this motion.

## I. INTRODUCTION

This case arises from Plaintiff's arrest, prosecution, and conviction for murder, where her conviction was ultimately overturned. Plaintiff is suing one or more Defendants for allegedly violating her Fourth, Sixth, and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 (§ 1983), for allegedly violating Article II of the Colorado Constitution, pursuant to C.R.S. § 13-21-131 (ELEIA), and for allegedly committing various state torts. These claims (both state and federal) include the alleged violation of due process and the right to a fair trial, unlawful seizure, malicious prosecution, false imprisonment, failure to intervene, conspiracy, municipal liability against both entity Defendants, and intentional infliction of emotional distress. [Complaint (ECF No. 1), pp. 33–47].

The Colorado Springs Defendants have moved to dismiss all claims against them with prejudice, pursuant to Rule 12(b)(1) and (6) [ECF No. 49], and the Pueblo Defendants will do the same once their responsive pleading becomes due. Here, the individual Defendants have asserted (or will assert) qualified and sovereign immunity and will challenge the plausibility of the ELEIA claims, in part, due to the timing of the events in question. And the entity Defendants either have or will be challenging the plausibility of the *Monell* claim. Defendants should not be subjected to the demands of discovery until the Court rules on their dispositive motions and resolves these threshold

issues of immunity, plausibility, and jurisdiction. No discovery is needed for Plaintiff to respond to the Rule 12 motions given the purely legal nature of the arguments, which are based exclusively on the facts alleged in the Complaint. A stay of discovery is warranted under these circumstances.

## II. ARGUMENT

Although the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (recognizing same). While "[t]his District generally disfavors a stay of all discovery, [ ] there are situations when good cause exists to do so." *Murphy v. Marlow*, 2024 WL 5671112, at *1 (D. Colo. Dec. 27, 2024) (citing *Chambers v. Bd. of Cnty. Com'rs*, 2013 WL 4052397, *3 (D. Colo. Aug. 12, 2013).

In general, a stay is warranted upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* FED.R.CIV.P. 26(c); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004). A stay is also warranted when a dispositive motion is pending and is particularly appropriate where qualified immunity and jurisdictional issues have been raised. *See Vivid Techs., Inc. v. A.M. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("[W]hen a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.");

*Burkitt v. Pomeroy*, 2016 WL 696107, at *1 (D. Colo. Feb. 22, 2016) ("Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties."); *Grobecker v. Grundy*, 2013 WL 6466183, at *2 (D. Colo. Dec. 9, 2013) (staying discovery on this basis); *Aurora Bank FSB v. Network Mortg. Servs.*, 2013 WL 3146972, at *2–3 (D. Colo. Jun. 19, 2013) (holding same and collecting cases).

In evaluating a request for a stay, courts consider the following factors: (1) a plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay, (2) the burden on the defendants, (3) the court's convenience, (4) the interests of non-parties, and (5) the public interest. *See Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 100 F. Supp. 3d 1099, 1104–05 (D. Colo. 2015) (citing *String Cheese Incident, LLC v. Stylus Show, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)). Here, the "*String Cheese* factors" favor a stay.

**A. THE PARTIES' RELATIVE INTERESTS FAVOR A STAY.**

The Court must first balance Plaintiff's desire to proceed expeditiously with the case against the attendant burdens on Defendants. *See Rainey v. Thorstad*, 2012 WL 5931743, at *1 (D. Colo. Aug. 14, 2012). Here, the burden on Defendants outweighs Plaintiff's interests in proceeding forward, particularly when considering their assertions of immunity and jurisdictional challenges.

Plaintiff can show nothing but a "general" interest in proceeding expeditiously with this case, an interest shared by "virtually all plaintiffs" that cannot, on its own, justify proceeding forward under these circumstances. *Edwards v. Zenimax Media, Inc.*, 2012

WL 18098, at *2 (D. Colo. May 17, 2012) (finding the first factor "weighs in favor of a stay of discovery" when the plaintiff feared prejudice due to "stale or missing evidence, unavailable and destroyed documents, increasingly unavailable or uninformed witnesses, and unmanageably short discovery deadlines."). Moreover, any fear Plaintiff may have over the degradation of evidence is unfounded, given that the operative criminal investigation was thoroughly documented, as indicated in the Complaint. Many of the relevant witness interviews were also recorded, and the Complaint makes clear that Plaintiff is likely already in possession of these materials [*See, e.g.*, ECF No. 1, pp. 14–16, 20].

In contrast, the burdens facing Defendants should this case proceed will be significant. Plaintiff will inevitably seek the production of voluminous records in an attempt to support her claims (particularly her *Monell* claims), to include policy documents, personnel files, training materials, internal correspondence, and more. Plaintiff will also seek to depose Defendants and various other witnesses. This will in turn remove various officials from their normal public duties and will require the expenditure of substantial time and resources in preparing for and attending these proceedings. Such expenditure will be burdensome and could prove wasteful should the Court ultimately grant the dispositive motions.

As the Supreme Court has noted, "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only [of] unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *see also Eaton v. Meneley*, 3779 F.3d 949, 954

(10th Cir. 2004). Therefore, officials who assert immunity are entitled to have that issue determined as a matter of law before incurring the burdens of litigation associated with discovery and trial. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("The entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, [qualified immunity] is effectively lost if a case is erroneously permitted to [proceed]."). This is especially true where, as here, a determination of immunity could be "dispositive" of all constitutional claims. *See Johnson v. Fankell*, 520 U.S. 911, 915 n.2 (1997) ("[W]hen a case can be dismissed on the pleadings or in an early pretrial stage, qualified immunity also provides officials with the valuable protections from the burdens of broad-reaching discovery.") (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).[1]

As the Supreme Court explained in *Ashcroft v. Iqbal*, there is a strong basis for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

556 U.S. 662, 685 (2009). Ultimately, "[w]hen a plaintiff files a complaint against a public official alleging a claim that requires proof of wrongful motive, the trial court must

[1] Defendants note that while qualified immunity is not a defense to ELEIA, any finding under prong one of the Court's federal qualified immunity analysis that Defendants engaged in no plausible violative conduct would also dispense with Plaintiff's ELEIA claims.

exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597–98 (1998). "[I]f the defendant does plead [an] immunity defense, the district court should resolve that threshold question before permitting discovery." *Id.* at 598.

Additionally, Defendants are (and/or will be) challenging the Court's jurisdiction by asserting sovereign immunity from Plaintiff's state tort claims. This fact alone provides its own basis for a stay. *Ruiz Sosa v. United States*, 2022 WL 375575, at *2 (D. Colo. Feb. 8, 2022) (staying discovery on this basis); *Elite Oil Field Enters., Inc. v. United States*, 2021 WL 1207447, at *2 (D. Colo. Mar. 31, 2021) (collecting cases and holding same). That Plaintiff's ELEIA and *Monell* claims are not subject to immunity does not preclude a complete stay of discovery. Indeed, "proceeding with discovery as to claims that are not subject to the assertion of [ ] immunity is not a permissible alternative." *Lincoln v. Maketa*, 2015 WL 3413271, *3 (D. Colo. May 28, 2015); *Gale v. Jacob*, 2015 WL 3862686, at *2 (D. Colo. June 22, 2015); *Ingram v. Clements*, 2015 WL 1598052, at *2 (D. Colo. Apr. 8, 2015). In addressing this issue, the Supreme Court stated the following:

> It is no answer to these concerns [of avoiding disruptive discovery] to say that discovery can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal*, 556 U.S. at 685. Under this standard, a complete stay of discovery for *all* claims and Defendants, both subject to and not subject to an immunity defense, is appropriate and regularly ordered. *See, e.g.*, *Estate of Thakuri by & through Thakuri v. City of Westminster*, 2019 WL 6828306, at *4 (D. Colo. Dec. 12, 2019) (finding strong presumption under *Iqbal* for complete stay following assertion of qualified immunity by one defendant and granting same); *Chapman v. Federal Bureau of Prisons*, 2015 WL 4574863, at *2–4 (D. Colo. July 30, 2015) (entering complete stay of discovery, despite immunity defenses only applying to some defendants and to some claims); *Drive Sunshine Inst. v. High Performance Transp.*, 2014 WL 5816900, at *3 (D. Colo. Nov. 10, 2014) ("Additionally, discovery should be stayed in the case as a whole even though only some of the defendants are asserting qualified immunity as a defense."); *Cook v. Whyde*, 2021 WL 981308, at *3 (D. Colo. Mar. 15, 2021) (same); *Dodge v. Shoemaker*, 695 F. Supp. 2d 1127, 1131 (D. Colo. 2010) (same); *Lucero v. City of Aurora*, 2023 WL 5957126, at *3 (D. Colo. Sept. 13, 2023) ("[T]he Supreme Court [has] made clear that discovery must be stayed upon assertion of qualified immunity, even if there are claims that are not subject to a qualified immunity defense; otherwise, the defense is lost[.]") (citing *Iqbal*, 556 U.S. at 685–86).

Additionally, because there is a direct overlap between the claims subject to qualified immunity and those that are not, the individual Defendants will essentially be deprived of their immunity protections should such discovery and further proceedings be permitted at this time. *Thompson v. Williams*, 2021 WL 4748663, at *6 (D. Colo. Oct. 12, 2021) (granting stay on basis that "it would be particularly difficult to distinguish between

discovery related to claims that may be subject to [ ] immunity, and those that are not.”); *Griffith v. El Paso Cnty., Colorado*, 2022 WL 20286303, at *2 (D. Colo. Nov. 2, 2022) (“Proceeding with discovery on [p]laintiff’s municipal liability claim … would both effectively deprive them the benefit of immunity and result in a risk of piecemeal discovery.”). The first and second *String Cheese* factors therefore favor a stay.

**B. THE INTERESTS OF THE COURT AND THE PUBLIC FAVOR A STAY.**

A court will also consider its own convenience and the public’s general interest when ruling on a motion to stay discovery. *Rivera v. Littleton Hous. Auth.*, 2014 WL 841511, at *1 (D. Colo. Mar. 4, 2014).

Because the Court can avoid inevitable discovery disputes, scheduling matters involving numerous separately represented litigants, and additional hearings and disputes concerning claims that may ultimately prove unnecessary, the Court’s interest favors a stay. *Thompson*, 2021 WL 4748663, at *7 (“Indeed, it is certainly more convenient for the court to enter a stay until it is clear which of Plaintiff’s claims, if any, will move forward.”); *Weise v. Colorado Springs, Colorado*, 2018 WL 1640254, at *7 (D. Colo. Apr. 5, 2018) (“A better course of action is simply to plan for and proceed with discovery once there is an understanding of which claims and Defendants will move forward.”); *Est. of Thakuri*, 2019 WL 6828306, at *3 (“It is certainly more efficient for the Court to handle, for example, discovery issues after initial dispositive motions have been adjudicated.”); *Sgaggio v. Diaz*,, 2023 WL 22188, at *6 (D. Colo. Jan. 3, 2023) (same).

Regarding the public interest, there is no indication that staying discovery will adversely impact it. "Indeed, the public interest is served by avoiding what may be unnecessary expenses associated with allowing discovery at the present time." *Adams v. Wiley*, 2009 WL 4730744, at *1 (D. Colo. Dec. 2, 2009) (citing FED.R.CIV.P. 1). Substantial public resources could be conserved by postponing the need for further litigation and discovery—including the preparation and exchange of discovery materials, as well as numerous witness depositions—until the Court determines which (if any) of Plaintiff's claims will proceed. *See, e.g.*, *Benton v. Town of S. Fork*, No., 2012 WL 4097715, at *6 (D. Colo. Sept. 18, 2012) ("T]his court finds that resolving the pending Motions to Dismiss, while perhaps not dispositive of the entire case, will clarify and streamline the claims and the proper defendants for more precise and productive discovery."); *Peterson v. O'Neal*, 2023 WL 1993630, at *2 (D. Colo. Feb. 14, 2023) (granting stay due to pending immunity defense, stating: "The public has an interest in an efficient and just resolution of this case. Ensuring effective use of public resources best serves the public's interest."); *Carey v. Alexander*, 2025 WL 3484741, at *2 (D. Colo. Dec. 4, 2025) ("In addition, a stay would serve the Court and the public interest by avoiding the unnecessary expenditure of the Court's time and resources while a motion is pending that could resolve this matter in its entirety.").[2]

[2] Nor would any third party be negatively impacted by the temporary stay. Instead, a stay would work to protect the various non-party government personnel and other witnesses that Plaintiff may seek to depose. *See generally Hay v. Family Tree, Inc.*, 2017 WL 2459777, at *2 (D. Colo. June 6, 2017) (finding this factor to weigh in favor of a stay, where discovery was likely to "involve significant efforts concerning others who are not parties to th[e] lawsuit").

## III. CONCLUSION

None of the parties are well served in being involved in the "struggle over the substance of the suit" when a dispositive motion is pending. *See Commonwealth Prop. Advocates, LLC v. Deutsche Bank Trust Co. Americas*, 2011 WL 572386, at *1 (D. Colo. Feb. 14, 2011); *see also Lopez v. Gonzales*, 2020 WL 417590, at *2 (D. Colo. Jan. 27, 2020) (citing *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources.")); *Handy v. City of Aurora*, 2025 WL 1939556, at *3 (D. Colo. July 15, 2025) (granting stay on these bases). Due to the entirely legal nature of the challenges at issue, there is no discovery that is needed pending the Court's consideration of the pending dispositive motions. A stay of discovery will be the most efficient way to conserve time and public resources, as well as the efforts and resources of this Court.

**WHEREFORE**, Defendants respectfully request that the Court stay all further discovery and proceedings, including the upcoming Scheduling Conference, until such time it rules on the dispositive motions.

Respectfully submitted,

s/ Eric M. Ziporin
***Eric M. Ziporin***
SGR, LLC
3900 East Mexico Ave., Suite 700
Denver, CO 80210
T: 303 320 0509
Email: eziporin@sgrllc.com

s/ Jonathan N. Eddy
***Jonathan N. Eddy***
SGR, LLC
3900 East Mexico Ave., Suite 700
Denver, CO 80210
T: 303 320 0509
Email: jeddy@sgrllc.com
*Attorneys for County Defendants*

s/ Brian Stewart
***Brian Stewart, Senior Attorney***
30 S. Nevada Ave., Suite 501
Colorado Springs, Colorado 80903
Phone: (719) 385-5909
Fax: (719) 385-5535
Email: brian.stewart@coloradosprings.gov
*Attorneys for Colorado Springs Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of October, 2026, I electronically filed a true and correct copy of the above and foregoing **DEFENDANTS' JOINT MOTION TO STAY DISCOVERY AND CASE PROCEEDINGS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Sarah Grady (sarah@kaplangrady.com)
David Schmutzer (david@kaplangrady.com)
Anne Prossnitz (prossnitz@kaplangrady.com)
Vanessa del Valle (vanessa@kaplangrady.com)
Gail K. Johnson (gjohnson@johnsonklein.com)
Eric Kirsch Klein (eklein@johnsonklein.com)
*Counsel for Plaintiffs*

Brian Stewart (brian.stewart@coloradosprings.gov)
*Attorneys for Defendants City of Colorado Springs and Bradley Pratt*

*/s/ Mariel Juniper*
Legal Secretary