**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-02187-GPG-TPO

ACACIA LYN-DARR,

Plaintiff,

v.

JOHN PANNUNZIO, et al.

Defendants.

---

# MOTION TO DISMISS

---

Defendants, **PUEBLO COUNTY BOARD OF COMMISSIONERS**, **PUEBLO COUNTY**, **PUEBLO COUNTY SHERIFF'S OFFICE**, **DON LEACH**, **JEREMY BACOR**, **RONALD THURSTON**, **LEROY MORA**, **JC WILLIAMS**, **JOHN PANNUNZIO**, **TROY KOCHEVAR**, **BYRON FRANKLIN**, and **GREG PURKETT**, through their undersigned counsel, **SGR, LLC**, and pursuant to Fed.R.Civ.P. 12(b)(1) and (6), seek an order dismissing the Amended Complaint [ECF No. 61] ("Complaint"), and state as follows:

## CERTIFICATE OF CONFERRAL

The parties have conferred pursuant to D.C.COLO.LCivR 7.1(a) and the Court's Civil Practice Standards. Plaintiff opposes the dismissal of her claims.

## I. INTRODUCTION

This case arises from Plaintiff's prosecution and conviction for murder, given her conviction was later overturned. Plaintiff is suing one or more Defendants for allegedly

violating her Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 ("§ 1983"), for allegedly violating Article II of the Colorado Constitution, pursuant to C.R.S. § 13-21-131 ("ELEIA"), and for allegedly committing various state torts. Specifically, Plaintiff is claiming violations of due process, deprivation of a fair trial, and evidence fabrication (Counts I, II, III and XI), *Brady* violations (Count IV), malicious prosecution (Counts IV and VIII), failure to intervene (Count V), conspiracy (Counts VI and X), and intentional infliction of emotional distress (Count IX), along with municipal liability, indemnification, and respondeat superior (Counts VII, XIII, and XIV). [Complaint, pp. 35–47]. These claims are implausible for numerous reasons, including the individual Defendants' qualified immunity from the § 1983 claims, the inadequate allegations of personal participation, the inadequate allegations of municipal liability, the fact that ELEIA is not retroactive, and the Court's lack of jurisdiction over the state tort claims.

## II. STANDARD OF REVIEW

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." FED.R.CIV.P. 12(b)(1). "In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Lasser v. Charter Commc'ns, Inc.*, 2020 WL 2309506, at *2 (D. Colo. Feb. 10, 2020). The burden of establishing the Court's subject matter jurisdiction lies with Plaintiff. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Defendants are challenging Plaintiff's state tort claims (Counts VIII, IX, X, and XIII) under this standard.

In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations … and view these allegations in the light most favorable to the

plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). A plaintiff, however, may not rely on mere labels or conclusions "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As a result, the Court need not accept legal conclusions without supporting factual averments. *Ass'n of Surgical Assistants v. Nat'l Bd. of Surgical Tech. & Surgical Assisting*, 127 F.4th 178, 191 (10th Cir. 2025); *Ashcroft v. Iqbal*, 1556 U.S. 662, 677 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face."). Defendants challenge the remainder of Plaintiff's claims (Counts I, II, III, IV, V, VI, VII, XI, XII, and XIV) under this standard.

## III. ARGUMENT

### A. THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FROM THE § 1983 CLAIMS.

The individual Defendants are being sued under § 1983 in their individual capacities as Pueblo County employees acting under color of law. [Complaint, ¶¶ 12–20]. Because they assert qualified immunity, Plaintiff now bears the "heavy two-part burden" of adequately alleging: (1) that they violated her Fourth and/or Fourteenth Amendment rights, and (2) that such rights (and the violations thereof) were clearly established. *Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015); *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008) ("[I]n this context, plaintiffs must allege facts sufficient to show … that the defendants plausibly violated their [clearly established] constitutional rights.").

### 1. Inadequate allegations of personal participation in, or the commission of, any underlying Fourth or Fourteenth Amendment violations.

For civil rights claims generally, "personal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). Allegations relating to personal participation in a civil rights violation are heavily scrutinized at the motion to dismiss stage where multiple defendants have been named. *Robbins*, 519 F.3d at 1250 ("[I]t is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done what to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.") (emphasis in original); *Shrum v. Cooke*, 60 F.4th 1304, 1311–12 (10th Cir. 2023) ("We have repeatedly emphasized the importance of connecting defendants to misconduct in pleadings: 'To recover damages from each of [multiple] Defendants under § 1983, [Plaintiff] had to show that such Defendant personally participated in the alleged constitutional violation.'") (quoting *Vasquez v. Davis*, 882 F. 3d 1270, 1275 (10th Cir. 2018) (alterations in original)).

The Complaint references alleged conduct by "PCSO Defendants" and "Defendants," but in many instances fails to attribute specific conduct to anyone in particular. [*See, e.g.*, Complaint, ¶¶ 2, 3, 4, 45, 46, 107, 113, 125, 147, 177–213]. Moreover, the only factual allegation regarding Defendant Franklin is that he participated in the December 17, 2009 interview of Beckey Jo Willson, which did not implicate Plaintiff. [Complaint, ¶¶ 47–53]. The same goes for Defendant Purkett; combined with allegations he then drove with Ms. Willson to Colorado Springs. [*Id.*]. Likewise for Defendant Kochevar, who, in addition to interviewing and driving with Ms. Willson on December 17,

2009, interrogated Karen DePierre on January 29, 2010, which also did not implicate Plaintiff. [Complaint, ¶ 73]. For Defendant Thurston, he is alleged to have participated in Ms. Willson's second interview, on December 26, 2009 (where she was allegedly threatened with incarceration), as well as the December 19, 2009 interview with Cassie Johnston, the December 23, 2009 interrogation of Aaron Wilkerson, and the January 29, 2010 interview with Karen DePierre—none of which implicated Plaintiff. [Complaint, ¶¶ 54, 58–60, 73]. Plaintiff has not asserted how any of the statements elicited during these proceedings were used against her. Thus, in addition to not establishing personal participation in any constitutional violation, Plaintiff has not plausibly alleged a causal connection between said conduct and her prosecution, conviction, or incarceration. *See Montoya v. Vigil*, 898 F.3d 1056, 1069 (10th Cir. 2018) (recognizing that coerced statements must be used at trial to be actionable); *McDonough v. Smith*, 588 U.S. 109, 117 (2019) (recognizing causation requirement for analogous due process claim).

As for Defendants Mora and Williams, they are accused of participating in Matthew Barns' interrogation, on May 6, 2010, where he was allegedly lied to about the facts of the investigation, provided with non-public information, and asked leading questions. [Complaint, ¶¶ 74–101]. But there are no specific allegations about what Defendants Mora and Williams—as opposed to Defendant Pannunzio—actually said to Mr. Barns, or why their particular conduct violated Plaintiff's civil rights. [*See generally*, Complaint].

Most if not all of Plaintiff's vague references to Defendants Franklin, Purkett, Kochevar, Thurston, Mora and Williams rely on a conclusory assertion that they were necessarily responsible for her prosecution and incarceration given their respective

investigatory roles and/or presence at various interviews/interrogations. This is not sufficient. Plaintiff's collective pleading tactic does not provide fair notice of the basis for the claims against these Defendants and in turn fails to state a plausible claim against them. *Est. of Roemer v. Johnson*, 764 F. App'x 784, 790 n.5 (10th Cir. 2019) (collecting cases recognizing that the use of such tactic "will trigger swift and certain dismissal."); *see also Robbins*, 519 F.3d at 1247 (cautioning that allegations which "encompass a wide swath of conduct, much of it innocent" do not state a plausible claim).

*a. Inadequate allegations of evidence fabrication (Count I).*

To state an evidence fabrication claim under the Fourteenth Amendment, Plaintiff must sufficiently allege, in part, (1) that Defendants "*knowingly* fabricated evidence," (2) "the fabricated evidence was used against [her]", and (3) the use of the fabricated evidence deprived [her] of liberty." *Truman v. Orem City*, 1 F.4th 1227, 1236 (10th Cir. 2021) (emphasis added). Thus, an officer "necessarily must possess knowledge of the evidence's falsity" to maintain this claim. *Id.* (cleaned up). And when, as here, "the alleged fabrication of evidence was performed by a member of the executive branch," "the deprivation violates due process only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" *Id.* at 1236 n.4 (quoting *Crowson v. Washington Cnty.*, 983 F.3d 1166, 1190 (10th Cir. 2020)).

There are simply no allegations that Defendants Leach (who is only alleged to have interrogated Plaintiff, which did not result in a confession [Complaint, ¶ 41]), Franklin, Kochevar, Purkett, Mora, or Williams coerced any false testimony, much less knowingly fabricated evidence in a conscience shocking way. [*See generally*, Complaint]. And while

Defendant Thurston is alleged to have used coercive tactics when interviewing Ms. Willson on December 26, 2009 [Complaint, ¶¶ 59–61], again, Ms. Willson did not implicate Plaintiff in Mr. Piserchio's murder during that interview, which similarly undercuts the use and causation elements of this claim.

As for Defendant Pannunizo, who is alleged to have used coercive and misleading interrogation tactics against Mr. Barns on May 6, 2010, and, along with Defendant Bacor, to have used coercive tactics when interrogating Ms. Willison on January 5 and 6, 2010, the assertion they knowingly fabricated evidence is entirely conclusory. For instance, Plaintiff does not allege that Defendants Pannunzio and/or Bacor were aware of any physical or otherwise conclusive/objective evidence that would have eliminated her as a suspect. Plaintiff instead relies entirely on allegations that various witnesses had not previously implicated her, and that she herself had denied any involvement in Mr. Piserchio's robbery/murder despite possessing and attempting to cash his checks. This does not save her claim. Plaintiff has not plausibly established why these (or any) Defendants would have *known* that Mr. Barns and Ms. Willison's ultimate accusations against her were false, or why such conduct would be conscience shocking under the alleged circumstances. *See Uhlring v. Harder*, 64 F.3d 567, 574 (10th Cir. 1995) (noting that a plaintiff "must do more than show that the government actor intentionally or recklessly caused injury to [her] by abusing or misusing government power.").

*b. Inadequate allegations of a Brady violation (Count II).*

To prevail on a *Brady* claim, Plaintiff must allege that "(1) the prosecution [team] suppressed evidence, (2) the evidence was favorable to the [defense], and (3) the

evidence was material." *Johnson v. City of Cheyenne*, 99 F.4th 1206, 1226 (10th Cir. 2024) (cleaned up).

Plaintiff's allegations are purely conclusory. In addition to not alleging which of the various Defendants suppressed evidence and when, Plaintiff does not state what evidence (if any) was actually suppressed—let alone why it would have been material. [*See generally*, Complaint]. This defeats her claim.

*c. Inadequate allegations of a substantive due process violation (Count III).*

Plaintiff's third claim for relief asserts a violation of Fourteenth Amendment substantive due process on allegations that Defendants attempted to coerce her into a false confession by threatening to strip and photograph her[1] during the December 15, 2009 interrogation. [Complaint, ¶¶ 41, 192]. To sustain this claim, Plaintiff must again plausibly allege that Defendants engaged in conscience shocking conduct, which, under these circumstances, may include "conduct intended to injure in some way unjustifiable by any government interest." *Chavez v. Martinez*, 538 U.S. 760, 774 (2003) (cleaned up).

Only Defendants Pannunzio and Leach are claimed to have participated in this interrogation.[2] [Complaint, ¶ 41]. Plaintiff fails to allege how their purported conduct was conscience shocking. For instance, there are no allegations that they physically injured or abused Plaintiff during the interrogation, or that they made any threats along these

[1] Plaintiff is a biological male. [Complaint, ¶ 40].
[2] To the extent Plaintiff is asserting this claim against any other Defendant in connection with this interrogation, it fails for lack of personal participation. To the extent this claim is based on any other alleged conduct, it is duplicative and fails for the same reasons the other § 1983 claims do.

lines. Nor can she dispute that Defendants Pannunzio and Leach had a significant government interest in investigating Mr. Piserchio's murder and, if necessary, thoroughly examining Plaintiff—a male—for signs of a struggle or any other clues and photographing what they found. Plaintiff has not described circumstances that are "'so brutal and so offensive to human dignity that they shock the conscience.'" *Doe v. McAfee*, 2014 WL 4852274, at *5 (D. Colo. Sept. 29, 2014) (quoting *Chavez*, 538 U.S. at 774).

*d. Inadequate allegations of malicious prosecution under the Fourth Amendment (Count IV).*[3]

To state a § 1983 claim for malicious prosecution under the Fourth Amendment, Plaintiff must allege, among other things, that Defendants caused her "continued confinement or prosecution" and that "no probable cause supported the arrest, confinement, or prosecution." *Horocofsky v. City of Lawrence, Kansas*, 191 F.4th 1226, 1237 (10th Cir. 2026). "[O]fficers may be said to *cause* a prosecution if they prepare an affidavit and (1) knowingly or with reckless disregard for the truth include false statements or omit facts in the affidavit, (2) the inaccuracies are material because they are significant enough to vitiate probable cause, and (3) the statements or omissions induce the criminal justice system to confine and then to prosecute an innocent defendant." *Id.* (cleaned up, emphasis added). "To establish recklessness, there must exist [plausible allegations] that the officer in fact entertained serious doubts as to the truth of his allegations." *Id.* (cleaned

[3] While Plaintiff also brings this claim under the Fourteenth Amendment, Colorado law provides her with an adequate post-deprivation remedy in the form of a state tort claim. *See Morphew v. Chaffee Cnty., Colorado*, 172 F.4th 802, 814 n.15 (10th Cir. 2026). This defeats her due process theory. *Id.*

up). "An officer who does not personally know information cannot intentionally or recklessly omit it." *Id.* (cleaned up).

Plaintiff does not allege which, if any, of the individual Defendants prepared Plaintiff's arrest affidavit, much less how each of them submitted false statements or concealed material facts.[4] [*See generally*, Complaint]. The Complaint also makes clear that there would have been probable cause for Plaintiff's arrest[5] and prosecution, based on her admission to possessing checks that had been stolen from Mr. Piserchio's home on the night he was murdered. [Complaint, ¶ 44]. The fact Plaintiff denied involvement in the murder did not vitiate probable cause, which "is not a high bar," *Kaley v. United States*, 571 U.S. 320, 338 (2014), and "requires only a fair probability, a standard understood to mean something more than a bare suspicion but less than a preponderance of the evidence at hand." *United States v. Little*, 119 F.4th 750, 770 (10th Cir. 2024)[6] (cleaned up); *see also D.C. v. Wesby*, 583 U.S. 48, 61 (2018) ("[P]robable cause does not require officers to rule out a suspect's innocent explanation for suspicious facts."). And even if Defendants were ultimately mistaken about the existence of actual probable cause, such mistake would have been reasonable under these circumstances—which include two inculpatory witness statements and/or Plaintiff possessing the stolen checks—thereby

---

[4] Plaintiff's reliance on the conclusory allegation that "PCSO Defendants all had access to information and reports about one another's interviews and interrogations" [Complaint, ¶ 46], cannot save her claim. *See Horocofsky*, 191 F.4th at 1238 ("'What the officer-affiant should have known does not matter if he did not in *fact* know.'") (parenthetically quoting *United States v. Pulley*, 987 F.3d 370, 377 (4th Cir. 2021) (emphasis in original)).
[5] Plaintiff further admits that she was arrested on an unrelated outstanding warrant. [Complaint, ¶ 37].
[6] Cert. denied, 146 S. Ct. 202, 223 L. Ed. 2d 70 (2025).

establishing "*arguable* probable cause." *Stonecipher v. Valles*, 759 F.3d 1134, 1147 (10th Cir. 2014) (extending qualified immunity on this basis) (emphasis added).

*e. Inadequate allegations of a § 1983 conspiracy (Count VI).*

To state a § 1983 conspiracy claim, a plaintiff must "allege specific facts showing an agreement and concerted action among defendants—an agreement upon a common, unconstitutional goal, and concerted action taken to advance that goal." *Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022) (cleaned up). "A conspiracy claim requires 'more than conclusory allegations.'" *Horocofsky v. City of Lawrence, Kansas*, 191 F.4th 1226, 1242 (10th Cir. 2026) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998)). "Without more, parallel conduct does not suggest conspiracy." *Id.* (cleaned up). "To recover under a § 1983 conspiracy theory, a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient." *Morphew*, 172 F.4th at 816 (cleaned up).

Plaintiff's conspiracy claim fails for lack of any underlying violation of her Fourth or Fourteenth Amendment rights, as addressed above. It also fails because it is entirely conclusory. While Plaintiff lists various "overt acts" she claims were in furtherance of a conspiracy [Complaint, ¶ 211], not all Defendants are alleged to have been involved in these acts. What's more, the Complaint lacks any factual allegations establishing an agreement or a concerted action to deprive Plaintiff of her rights. *C.f. Bledsoe*, 53 F.4th at 609–10 (where defendants were alleged to have met and discussed framing the plaintiff despite "overwhelming evidence" he was innocent). All Plaintiff's factual allegations show is that Defendants worked together to investigate Mr. Piserchio's murder, "not that they

worked together to *unlawfully* investigate." *Horocofsky*, 191 F.4th at 1243 (dismissing similar allegations) (emphasis in original).

**2. No clearly established law.**

"A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quotations omitted). "To satisfy this high threshold, there must exist Supreme Court or Tenth Circuit precedent on point or, alternatively, the established weight of authority from other courts must support the plaintiff's view of the law...[, or] a general constitutional rule already identified in the decisional law [must] appl[y] with obvious clarity to the specific conduct at issue." *Wright v. City of Ponca City*, No. 22-6137, 2023 WL 5765848, at *5 (10th Cir. Sept. 7, 2023) (cleaned up). The law, however, is not clearly established unless such precedent "place[s] the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Plaintiff cannot provide a dispositive case establishing beyond debate that each of the individually named Defendants violated her Fourth and/or Fourteenth Amendment rights under the alleged circumstances, particularly when considering their respective levels of alleged involvement. Plaintiff's failure to intervene claim also fails on this basis. *See, e.g.*, *Shaw v. Schulte*, 36 F.4th 1006, 1020 (10th Cir. 2022) (noting that as late as 2017, the duty to intervene was limited to the excessive-force context).

**B. THE *MONELL* CLAIM IS IMPLAUSIBLE.**

Plaintiff's *Monell* claim, which is based on allegations of inadequate training [Complaint, ¶¶ 40, 41], requires a sufficient showing of the County's "deliberate

indifference to an almost inevitable constitutional injury." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013). A municipality acts with deliberate indifference when it has "actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation," and then "consciously or deliberately chooses to disregard the risk of harm." *Schneider*, 717 F.3d at 771 (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)). "Notice can be established ... in a narrow range of circumstances [ ] if a violation of federal rights is a highly predictable or plainly obvious consequence of a municipality's action or inaction." *Arnold v. City of Olathe, Kansas*, 35 F.4th 778, 795 (10th Cir. 2022) (cleaned up). But this requires an additional showing that the situation forming the underlying violation "presents the employee with a difficult choice of the sort that training or supervision will make less difficult." *Valdez v. Macdonald*, 66 F.4th 796, 817 (10th Cir. 2023). "Deliberate indifference is an exacting standard of fault," *Irizarry*, 661 F. Supp. 3d at 1095 (citing *Bryan Cnty.*, 520 U.S. at 410), and municipal liability "is at its most tenuous" when it is based on a failure to train. *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

While Plaintiff is attempting to assert a single incident theory of liability, *Arnold*, 35 F.4th at 795, she has failed to allege deliberate indifference. The Complaint does not establish how any Defendant would have been presented with an objectively "difficult choice" when it came to knowingly fabricating evidence through coercive interrogation. Accepting the allegations as true and even assuming *arguendo* the individual Defendants had the requisite knowledge of falsity, this is not the type of conduct that the County or Sheriff's Office could reasonably anticipate from its employees, regardless of their training

practices. *See, e.g.*, *Waller*, 932 F.3d at 1288 (dismissing *Monell* theory for lack of deliberate indifference, stating: "This case does not involve technical knowledge or ambiguous 'gray areas' in the law that would make it 'highly predictable' that a deputy ... would need 'additional specified training' to know how to handle the situation correctly."); *Stewart v. City of Boulder*, 2020 WL 6119530, at *12 (D. Colo. Mar. 5, 2020)[7] (finding that "'even an untrained law enforcement officer' should be well aware that the fabrication of evidence or concealment of exculpatory evidence is 'inappropriate.'") (quoting *Waller*, 932 F.3d at 1288); *see also Livers v. Schenck*, 700 F.3d 340, 356 (8th Cir. 2012) (finding no "patently obvious need" for a sheriff to train its staff not to fabricate evidence); *Montgomery v. D.C.*, 2019 WL 3557369, at *7 (D.D.C. Aug. 5, 2019) ("Presumably police officers know, without any additional specific training, not to—for instance—fabricate evidence.").[8] Plaintiff's *Monell* claim fails accordingly.

### C. THE COURT LACKS JURISDICTION OVER THE STATE TORT CLAIMS.[9]

A plaintiff seeking damages from a public entity or employee must provide appropriate ritten notice to the entity within 182 days of discovering her injury. COLO.REV.STAT. § 24-10-109(1). These provisions apply "when federal courts hear Colorado tort claims under supplemental jurisdiction," and a failure to timely submit such

[7] Report and recommendation adopted, 2020 WL 5201289 (D. Colo. Sept. 1, 2020).

[8] Plaintiff's failure to plausibly allege any underlying Fourth/Fourteenth Amendment violation similarly defeats her *Monell* claim. *See Est. of George v. City of Rifle, Colorado*, 85 F.4th 1300, 1321 (10th Cir. 2023).

[9] Counts VIII, IX, and X are also barred by the applicable one-year statute of limitations that applies to law enforcement. COLO.REV.STAT. § 13-80-103(1)(c).

notice "operates as a jurisdictional bar to the lawsuit." *Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 838–39 (10th Cir. 2003).

Plaintiff certainly would (or should) have discovered her injury, *at the latest*, by the time her conviction was vacated, on February 11, 2025. [*See* Complaint, ¶¶ 130–140]. But she did not submit her Notice of Claim (**Exhibit A**) until November 17, 2025, more than 182 days after that ruling.[10] *See Yaklich v. Grand Cnty.*, 278 F. App'x 797, 804–05 (10th Cir. 2008) ("Taking Yaklich's current allegations as true, he clearly should have known that County and District actions had caused him injury when he received the bankruptcy court's ruling."). This bars her state tort claims.[11]

**D. THE ELEIA CLAIMS ARE NOT PLAUSIBLE.**

ELEIA is not retroactive and may not be applied to conduct that occurred before it was enacted, on June 19, 2020. *See Diaz Deleon v. Linnemeyer*, 2026 WL 323045, at *9 (D. Colo. Feb. 6, 2026) (citing *Casper v. Olson*, 2022 WL 22924503, at *6 (Colo. App. Apr. 7, 2022)). Defendants' alleged conduct occurred well before ELEIA became law, which dooms these claims. *Id.* (dismissing fabrication of evidence claim on this basis).

**WHEREFORE**, Defendants respectfully request that Plaintiff's claims be dismissed.

---

[10] The Court can consider **Exhibit A** as part of its Rule 12(b)(1) jurisdictional analysis. Plaintiff has also incorporated it by reference [Complaint, ¶ 175] and it is central to her claims. *Gibson v. Lopez*, 2022 WL 2158986, at *3 (D. Colo. June 15, 2022) (reviewing notice of claim on this basis).

[11] Plaintiff's "Respondeat Superior" claim (Count XIII) also fails because the County and Sheriff's Office have not waived sovereign immunity under these circumstances. *See generally*, COLO.REV.STAT. § 24-10-106 (listing circumstances where immunity is waived).

Respectfully submitted,

s/ Eric M. Ziporin
***Eric M. Ziporin***
SGR, LLC
3900 East Mexico Ave., Suite 700
Denver, CO 80210
T: 303 320 0509
Email: eziporin@sgrllc.com

s/ Jonathan N. Eddy
***Jonathan N. Eddy***
SGR, LLC
3900 East Mexico Ave., Suite 700
Denver, CO 80210
T: 303 320 0509
Email: jeddy@sgrllc.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of November, 2026, I electronically filed a true and correct copy of the above and foregoing **MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Sarah Grady (sarah@kaplangrady.com)
David Schmutzer (david@kaplangrady.com)
Anne Prossnitz (prossnitz@kaplangrady.com)
Vanessa del Valle (vanessa@kaplangrady.com)
Lauren Carbajal (lauren@kaplangrady.com)
Gail K. Johnson (gjohnson@johnsonklein.com)
Eric Kirsch Klein (eklein@johnsonklein.com)
*Counsel for Plaintiffs*

Brian Stewart (brian.stewart@coloradosprings.gov)
*Attorneys for Defendants City of Colorado Springs and Bradley Pratt*

*/s/ Mariel Juniper*
Legal Secretary